BEFORE THE THIRD DIVISION, MARCH 5, 1948

No. 52206.—Wah Shang Co. v. United States, protest 103341–K (San Francisco).

EKWALL, Judge: This case involves the reliquidation by the collector of customs at the port of San Francisco of a certain Chinese commodity invoiced as pak nor mi and huck nor mi. The collector liquidated the entry on October 14, 1941, without the assessment of internal revenue tax. On March 26, 1943, at which time a portion of the merchandise remained in warehouse, the entry was reliquidated. In this reliquidation an internal revenue tax of $6 per proof gallon was assessed upon the merchandise under section 2800 (a) (1) (53 Stat. 298, as amended by section 533 of the Act of September 20, 1941 (55 Stat. 708), as amended by section 602 (a), Revenue Act of 1942). In that reliquidation the duty on the bottles was reduced from ½ cent to ¼ cent per pound, the Mexican Trade Agreement being cited.

Plaintiff claims that said pak nor mi and huck nor mi are not subject to the internal revenue tax because said merchandise is neither wine nor distilled spirits, and in an amendment to the original pleadings it claims that the liquidation was final and conclusive upon all parties and the reliquidation is illegal. The basis of the plaintiff's claim is that since no clerical error is involved the collector was without authority to reliquidate after the expiration of the 60-day period provided for in section 514, Tariff Act of 1930.

The law is well-settled that where a change in the law or the facts takes place while goods remain in warehouse the collector must reliquidate the entry. *Bertrose Co.* v. *United States*, 44 Treas. Dec. 303, T. D. 39893; *Taylor & Co.* v. *United States*, 11 Ct. Cust. Appls. 15, T. D. 38636; *Merritt* v. *Cameron*, 137 U. S. 542.

At the time of this reliquidation section 602 (a), Revenue Act of 1942 was in effect, which changed the rate on distilled spirits from $4 per proof gallon to $6. The collector in his original liquidation apparently had found that the merchandise was neither distilled spirits nor wine. This appears from the notation on the invoice in red ink "No I. R. Tax C. D. 395." A reference to said C. D. 395, the *Columbia Co.* case (5 Cust. Ct. 175) shows that it was there held that a commodity invoiced as "Pak Nor" was not taxable either as wine or as distilled spirits under section 1150 (a), title 26, U. S. C., in effect at that time. No appeal was taken from that decision. Section 1150 (a), *supra*, covered "all distilled spirits." It would therefore seem that in his original liquidation the collector found the merchandise here involved either similar to or identical with the Pak Nor covered by the case cited. However, on reliquidation he assessed it with internal revenue tax as distilled spirits. We know of no authority nor has any been called to our attention which would require or permit the collector to reclassify the merchandise in the absence of new descriptive terms in the amended statute.

It is noted that in T. D. 50535 (2), under date of December 27, 1941, the following instruction to collectors by the Acting Deputy Commissioner of Customs appears:

(2) *Pak Nor wine*, prepared by the fermentation of rice to which was added a weak liquor made from distilled fermented rice, is considered distilled spirits by the Bureau of Internal Revenue. Accordingly, the decision of the United States Customs Court in C. D. 395, holding such merchandise not subject to the internal revenue tax for distilled spirits, should be limited to the merchandise then before the court and similar merchandise should be classified at the rate of $1.25 per gallon under paragraph 804, Tariff Act of 1930, plus the internal revenue tax of $4 per proof gallon or wine gallon, if below proof, under I. R. C., sec. 2800 (a) (1), as amended by section 213 of the Revenue Act of 1940 and section 533 (a) of the Revenue Act of 1941. Bureau letter to collector of customs, San Francisco, Calif., October 25, 1941 (412.11).

However, the instant record does not disclose the collector's reason for changing the classification of the merchandise upon reliquidation.

We are unable to find any justification for the reliquidation by the change in the law in this case. The collector originally liquidated the entry as not subject to internal revenue tax, i. e., he found it was not distilled spirits or wine. Upon reliquidation under an amended statute which retained the same descriptive terms for the merchandise but changed the rate, he apparently found it to be distilled spirits and assessed the rate applicable thereto in said amended statute. We are not in accord with a construction of the statute or the decisions which would justify such a course.

The Mexican Trade Agreement (T. D. 50797) changed the rate of duty applicable to the bottles here involved, which rate was generalized under section 350, Tariff Act of 1930. From this rate Cuba under the Cuban Trade Agreement is entitled to a preferential rate. Neither side raises a question as to the correctness of the rate used by the collector in his reliquidation of the regular duties on these bottles. We are unable to find anything in the statute that would warrant us in holding that such reliquidation opens the entry to permit a change in the classification of other merchandise subject to internal revenue tax.

We therefore find that the reliquidation as to the internal revenue tax was without authority of the statute and sustain plaintiff's claim.

Judgment will be rendered in accordance with this decision.